```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
                                                           :
ALKIM BILLIPS,                                             :
                                                           :
                    Plaintiff,                             :
                                                           :
         -v-                                               :         OPINION AND ORDER
                                                           :
NYC DOCS et al., CITY OF NEW YORK,                         :         18 Civ. 1719 (ER)
and JOHN DOE CORRECTION OFFICER,                           :
                                                           :
                    Defendants.                            :
                                                           :
-----------------------------------------------------------X
```

EDGARDO RAMOS, United States District Judge:

*Pro se* Plaintiff Alkim Billips ("Billips" or "Plaintiff") brought this action pursuant to 42 U.S.C. § 1983, alleging that while he was detained at Manhattan Detention Complex ("MDC"), a correction officer forced him to live with rival gang members and publicly announced Billips' gang affiliation to them. On March 2, 2018, this Court dismissed the claims against the New York City Department of Correction ("NYC DOC") and added the City of New York ("the City") and "John Doe Correction Officer" ("John Doe") as defendants. Doc. 6. On May 8, 2018, the Court granted the City's motion to dismiss the Complaint but gave Billips leave to file an Amended Complaint. Doc. 29. Billips filed an Amended Complaint on June 10, 2019. Doc. 30. Before the Court is the City's motion to dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. Doc. 33. For the reasons set forth below, the City's motion is GRANTED.

**BACKGROUND**

The Court accepts the following allegations as true for purposes of this motion.[1] On January 17, 2018, Billips was a pretrial detainee at the MDC. Doc. 2, 2–4. Billips was assigned a Security Risk Group ("SRG") classification because of his membership in the Crips gang. Doc. 2, 4. In the Complaint, Billips said he bears the stigma of this SRG classification of Crip. *Id.* In the Amended Complaint, Billips asserts for the first time that he is a not a gang member but that "some persons" decided that he "was in fact a Crip" and that he knew nothing of the label. Doc. 30, 4.

Billips alleges that "a group of correction officers" purposefully assigned him to live in a housing area that houses members of the rival Bloods gang. *Id.* Billips only names one of the officers, "Officer Wi," who during an angry tirade publicly informed the residents in that housing area that Billips was a Crip and told Billips he "wouldn't survive." *Id.* As a result of Officer Wi's public announcement, Bloods gang members questioned him daily and assaulted him on one occasion. Doc. 2, 4. Billips suffered pain to his face, temple, neck, and back as a result of the assault. Doc. 2, 5. He received a medical examination for his injuries and a number of his teeth were "prematurely extracted." Doc. 30, 4.

In the Amended Complaint, Billips alleges that Officer Wi's decision to not house him, a person with SRG classification, with others in the same classification went against the NYC

---

[1] Some of these allegations appear in filings other than the complaint; specifically, this opinion relies on allegations in the original complaint and Billips' opposition to the motion to dismiss. "[I]n cases where a *pro se* plaintiff is faced with a motion to dismiss, it is appropriate for the court to consider materials outside of the complaint to the extent they are consistent with the allegations in the complaint." *Donhauser v. Goord*, 314 F. Supp. 2d 119, 121 (N.D.N.Y. 2004) (quotation marks omitted) (collecting district court cases); *see also Gill v. Mooney*, 824 F.2d 192, 195 (2d Cir. 1987) (considering allegations in *pro se* plaintiff's opposition to motion to dismiss).

DOC's policy. *Id.* Furthermore, he alleges that had, presumably, Officer Wi "been better trained[,]" he would not have been assaulted. *Id.*

## PROCEDURAL HISTORY

Billips filed the instant action against NYC DOC on February 23, 2018. Doc. 2, 1. This Court dismissed Billips' claims against NYC DOC because city agencies or departments do not have the capacity to be sued under New York law. Doc. 6, 4. Instead, the Court construed the Defendants to be the City and John Doe, pursuant to Fed. R. Civ. P. 21. *Id.* In the February 23, 2018 complaint, Billips described John Doe as the officer who launched the angry tirade at Billips during which he informed the Bloods gang housing unit that Billips was a Crip. Doc 2, 4.

This Court issued a *Valentin* Order requiring the City to identify the John Doe officer. Doc. 6, 3. On June 28, 2018, this Court granted the City's letter motion to compel Billips to respond to their identification interrogatories and granted the City more time to respond to the *Valentin* Order. Doc 16, 1. During discovery, Billips only provided "vague details" and "did not provide a date or even a time frame for when the alleged incident occurred, despite defendant City's request for this information." Doc. 21, 2. Billips responded to the City's identification interrogatories by stating that John Doe "was an Asian male 'on 3 to 11 shift, 6E 125 White Street.'" *Id*.

On August 30, 2018, the City informed the Court that they were unable to identify the correction officer despite "a diligent investigation" and requested a briefing schedule to file a motion to dismiss. Doc. 21, 2–3. Specifically, the City was "unable to ascertain the full name and/or shield number of the individual identified in [Billips'] complaint as 'John Doe Correction Officer.'" *Id*. The City filed a motion to dismiss the complaint on October 12, 2018, arguing that Billips failed to state a claim for municipal liability against the City of New York, and that

3

his claims against the John Doe Correction Officer should be dismissed because the parties are unable to determine the identity of this officer. Doc. 23. Billips filed an opposition to the City's motion on November 20, 2018 and asserted a failure to train theory; the City replied via letter on November 27, 2018. Docs. 26, 27.

On May 8, 2019, the Court granted the City's motion to dismiss because Billips failed to identify the John Doe correction officer and did not sufficiently plead facts to make a § 1983 claim against the City. Doc. 29. Billips filed the Amended Complaint on June 10, 2019. Doc. 30. On September 11, 2019, the City filed a motion to dismiss the Amended Complaint. Doc. 33. Billips opposed the motion on January 3, 2020 from the Elmira Correctional Facility, which is not his address of record. Doc. 39. The Court directed Billips to update his address on the civil docket and mailed a copy of the Order to him at the Elmira Correctional Facility on January 7, 2020. Doc. 40. Billips has yet to update his address. The City replied to the motion via letter on January 13, 2020. Doc. 41.

## DISCUSSION

### I. Standard of Review

When ruling on a motion to dismiss pursuant to Fed. R. Civ. Pro. 12(b)(6), district courts are required to accept as true all factual allegations in the complaint and to draw all reasonable inferences in plaintiff's favor. *Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013). However, this requirement does not apply to legal conclusions, bare assertions, or conclusory allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 681, 686 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To satisfy the pleading standard under Fed. R. Civ. Pro. 8, a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570). Accordingly, a plaintiff is required to

support his claims with sufficient factual allegations to show "more than a sheer possibility that a defendant has acted unlawfully." *Id*.

When "the complaint [is] filed *pro se*, it must be construed liberally "to raise the strongest arguments [it] suggest[s]." *Walker*, 717 F.3d at 124. The obligation to read a *pro se* litigant's pleadings leniently "applies with particular force when plaintiff's civil rights are at issue." *Jackson v. NYS Dep't of Labor*, 709 F.Supp.2d 218, 224 (S.D.N.Y. 2010) (citing *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004)). "However, even *pro se* plaintiffs asserting civil right claims cannot withstand a motion to dismiss unless their pleadings contain factual allegations sufficient to raise a 'right to relief above the speculative level.'" *Id*. (quoting *Twombly*, 550 U.S. at 555).

## II. Discussion

### A. Failure to Serve Correction Officer

Billips' claim against John Doe must be dismissed because he has failed to serve him. A plaintiff "'who is ignorant, in whole or in part, of the name or identity of a person who may properly be made a party,' may proceed against that party by designating a fictitious name (a "John Doe") until they become aware of that party's identity." *Barrett v. City of Newburgh*, 720 F. App'x 29, 33 (2d Cir. 2017) (citing N.Y. C.P.L.R. 1024 (McKinney 2019)). However, Billips has now purportedly identified the John Doe correction officer and has failed to serve him. Doc. 30. If a defendant is not served within 90 days after the complaint is filed, the Court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order service be made within a specific time. Fed. R. Civ. P. 4(m).

Here, the City states that because Officer Wi has not yet been served with process in this matter the City remains the only defendant in this litigation. Doc. 35, 2. Billips filed the

5

Amended Complaint on June 10, 2019 and has missed the 90-day window in which to serve Officer Wi. Doc. 30. Accordingly, the claims against John Doe, identified by Billips as Officer Wi, are dismissed without prejudice.

### B. Failure to State a Claim Under § 1983

Billips has not pled sufficient facts to make a § 1983 claim against the City. To hold a municipality liable within the meaning of § 1983, a plaintiff must establish that a policy or custom of the municipality itself caused the constitutional injury. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978) ("[I]t is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983.").

A plaintiff must also establish a causal link between the municipality's policy or custom and plaintiff's constitutional deprivation of rights. A City "cannot be liable under *Monell* where plaintiff cannot establish a violation of his constitutional rights." *Askins v. Doe No. 1*, 727 F.3d 248, 253 (2d Cir. 2013). Plaintiff needs to provide evidence of a "*deliberate* action attributable to the municipality itself [as] the 'moving force' behind plaintiff's deprivation of federal rights." *Bd. of Cty. Comm'rs of Bryan Cty., Okl. v. Brown*, 520 U.S. 397, 400 (1997) (quoting *Monell*, 436 U.S. at 694); *accord Aquino v. City of New York*, No. 1:16-CV-1577-GHW, 2017 WL 384354, at *3 (S.D.N.Y. Jan. 25, 2017) (holding, in a case involving the NYC DOC, "[a] municipality is not vicariously liable for its employees' actions under 42 U.S.C. § 1983.").

Billip's opposition to the motion to dismiss the Amended Complaint is nearly identical to his opposition to the motion to dismiss the Complaint. *See* Docs. 26, 39. Billips added Officer Wi's name and advanced new case law relating to deliberate indifference claims against prison

6

personnel. Doc. 39, 3–6. He claims "the City knew or should have known that a specific assault was likely to occur, had an opportunity to intervene but failed to act or otherwise failed to properly supervise its employees." *Id.* at 4. *See Aquino*, 2017 WL 384354, at *5 ("A municipality's culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train.") (citation omitted).

In order for municipal liability to attach to a failure to train theory, the plaintiff must show the municipality's failure to train its employees amounted to deliberate indifference to the rights of persons with whom the untrained employees came into contact. *Id.* A plaintiff must show that the municipality made a deliberate choice from among various alternatives to not fully train its employees. *Walker v. City of New York*, 974 F.2d 293, 297 (2d Cir. 1992). Here, the Amended Complaint is deficient because Billips does not make any allegation about a City policy that led to a deprivation of his rights. Doc. 35, 5. Instead, he simply references a NYC DOC policy. Doc. 30, 4.

Furthermore, even if Billips had asserted a policy against the City, he has not identified a specific deficiency in the City's training program or that any such deficiency is "closely related to the ultimate injury." *See Triano v. Town of Harrison*, 895 F. Supp. 2d 526, 539 (S.D.N.Y. 2012) (dismissing *Monell* claim where plaintiff "merely alleged that the town failed to train its employees, without providing any supporting factual detail about alleged deficiencies in the training program, or regarding other instances of [] misconduct which could be attributed to a failure to train").

Lastly, Billips' claim of this single, isolated incident is insufficient as a matter of law to give rise to an inference of a systemic informal practice that can support a municipal liability claim. As the Court held in its May 8, 2019 Order, a failure to train theory requires evidence of a

pattern of similar incidents in which citizens were injured or endangered. Doc. 29, 8 (citing *City of Canton v. Harris*, 489 U.S. 378, 397–98 (1989) (O'Connor, J., concurring)). Accordingly, Billips has not pled sufficient facts to make a municipal liability claim against the City.

## CONCLUSION

For the reasons set forth above, the City's motion to dismiss the Amended Complaint is GRANTED. The Court certifies, pursuant to 28 USC § 1915(a)(3), that any appeal from this Order should be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). Chambers will mail a copy of this order to the Plaintiff, addressed to Alkim Billips, DIN No. 19-A-1457, Elmira Correctional Facility, P.O. Box 500 Elmira, New York 14901.

The Clerk of the Court is respectfully directed to terminate the motion, Doc. 33, and close the case.

SO ORDERED.

Dated: April 7, 2020
New York, New York

EDGARDO RAMOS
United States District Judge

8